[Crim. No. 122.   Second Appellate District.—April 1, 1909.]

Ex Parte A. B. McKENNEY, on Habeas Corpus.

HABEAS CORPUS—CRIMINAL LAW—CHARGE OF FALSIFYING MINUTE-BOOKS OF CORPORATION—INTENT TO DEFRAUD—SUFFICIENCY OF INFORMATION.—An information based on section 563 of the Penal Code, accusing defendant, as acting secretary of a corporation, with falsifying its minute-books so as to represent false meetings of the directors, fixing defendant's salary as general manager and auditor thereof, and authorizing him to pledge the notes of the corporation, and to issue shares to pay indebtedness, with intent to defraud the corporation, states a criminal offense punishable under that section; and the defendant is not entitled to be discharged upon a writ of *habeas corpus*.

ID.—FALSIFYING BOOK OF ACCOUNTS OR OTHER RECORD.—It is not necessary to a criminal offense under section 563 of the Penal Code that the false entries should be in a book or record containing a detailed statement of mutual accounts or demands in the nature of a debit and credit account. But that section is broad enough to

cover any record or document which by law is ordered to be kept by a corporation for profit, especially where the entries falsified in this case related to the financial condition of the corporation, and purported to involve it in liability, and the minute-book as falsified with intent to defraud contained memoranda of financial transactions, which to a limited extent would render it a book of account.·

PETITION for discharge upon writ of *habeas corpus* to the sheriff of Santa Barbara County, to test the legality of an information filed in the Superior Court of that county. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, for Petitioner.

W. S. Day, for Respondent.

THE COURT.—An information was filed in the superior court of Santa Barbara county charging petitioner, as acting secretary of a corporation, with intent to defraud the same, of willfully, unlawfully and feloniously making and concurring in making certain false entries in the minute-books of said corporation, which entries recited that certain special meetings of the board of directors had been held, at which meetings the salaries of certain officers had been fixed and certain persons had been appointed to occupy certain official positions in the corporation, and authorizing petitioner, as general manager and auditor of the company, to pledge certain promissory notes belonging to the company to secure the payment of a certain sum of money, and authorizing the issuance of certain shares of the stock of the corporation in payment of certain indebtedness, all of which entries were false in that, in truth, no meetings had been held, as set out in said entries in the minute-book, on the day specified or at any other time; that the directors therein mentioned as being present were not present at any meeting so held, all of which was known to petitioner at the time of the making of said false entries.

To this information a demurrer was filed and overruled, and a continuance of the hearing of the trial upon the information ordered until the 6th of April, 1909.

Petitioner now seeks his discharge from confinement for the reason that, as he claims, the information does not state facts constituting a public offense, or charging petitioner with the commission of a public offense. The respondent upon the hearing made no objection to the consideration of questions involved in this form of proceeding.

The information is based upon section 563 of the Penal Code of this state, which provides that "every director, officer, or agent of any corporation . . . who, with intent to defraud, . . . makes, or concurs in making, any false entries . . . in any book of accounts, or other record or document kept by such corporation, . . . is punishable," etc. It is petitioner's contention that under this section the false entry to be criminal must have been in a book of account, or other record of account, and that unless the information shows that the book, record, or document in which the false entry was made was one containing accounts; that is to say, a detailed statement of mutual demands in the nature of debit and credit between the parties arising out of contract or fiduciary relationship, no offense is charged. With this we do not agree. Section 377, Civil Code, requires all corporations for profit to keep a record of all their business transactions; a journal of all meetings of the directors, members, or stockholders; the record must embrace every act done, or ordered to be done, who were present, etc. And by section 316, Civil Code, any officer making an entry in the records or books of a corporation false in any material representation is made liable for damages. We think the language of section 563, Penal Code, broad enough to cover any record or document which by law is ordered to be kept by a corporation for profit, and especially should this be true with reference to a record embodying, as does the record alleged to have been falsified in this case, statements relative to the financial condition of the corporation, and involving contract rights with the corporation and the liability of the corporation with its servants and employees as to salary and compensation; that even under the restricted construction contended for by petitioner, this record alleged to have been falsified was a record containing business transactions in the nature of debit and credit between the corporation and those dealing therewith arising out of contract; and, in a

sense, while a record and minute-book, was also a book containing memoranda of financial transactions which would render it, to a limited extent, a book of account.

Writ denied and petitioner remanded.